FILED
IN CLERK'S OFFICE
N.Y:
? 9 2005
A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

SEAN ASHBY; REGINALD ASHBY; and
ENID ASHBY,

                  Plaintiffs,

-against-

LASALLE NATIONAL BANK, AS TRUSTEE,
Under the Pooling and Servicing Agreement
Dated November 1, 1998, Series 1998-4;
CITYSCAPE CORPORATION; FIRST
NATIONAL BANK OF BOSTON; FIRST
AMERICAN TITLE INSURANCE COMPANY
OF NEW YORK; USA BANKERS OF AMERICA,
INC.; QUICK HOME REALTY CORP.; PAUL
WOOTOEN, Esq.; GILBERT POLINSKY, Esq.;
KAZI A. HOSSAIN,

                  Defendants.
_____X

**MEMORANDUM
AND ORDER**
05-CV-3509 (DLI)

IRIZARRY, United States District Judge:

       Plaintiffs Sean Ashby, Reginald Ashby and Enid Ashby, appearing *pro se*, bring this order to show cause for a temporary restraining order and permanent injunction to enjoin defendants from evicting them from their home until their bankruptcy appeal has been decided.[1] Plaintiffs' request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons discussed below the order to show cause is denied.

Discussion

       This is plaintiffs' third action in this Court challenging the foreclosure and sale of the real property located at 373 East 51st Street. The first action, a complaint and order to show cause,

---

[1] Plaintiffs only filed the order to show cause to commence this action. To date, the bankruptcy appeal has not been filed with this Court.

1

against Lasalle National Bank, was dismissed by this Court for lack of subject matter jurisdiction on March 16, 2005. Ashby v. Lasalle National Bank., 05-CV-1370 (DLI), docket entry no 3,4 ("courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine.") (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and listing cases decided by district courts within this Circuit).

Plaintiffs' second action, a complaint and order to show cause, challenged the same judgment and foreclosure, and was likewise dismissed for lack of subject matter jurisdiction on July 18, 2005. See Ashby v. Lasalle National Bank et al, 05-CV-3272 (DLI.). However, in light of plaintiffs *pro se* status, this Court granted plaintiffs leave to replead. Plaintiffs failed to replead and instead, file the instant order to show cause. As in their previous two complaints, plaintiffs once again request this Court to enjoin their eviction. For the same reasons stated in this Court's prior orders, plaintiffs' request for an injunction is denied as plaintiffs have not made the requisite showing for such relief.

Conclusion

Plaintiffs may pursue their bankruptcy appeal, however plaintiffs are hereby cautioned that the further filing of challenges to the foreclosure and eviction proceedings in this Court may result in the issuance of an order barring the acceptance of future complaints without first obtaining leave of court to do so. 28 U.S.C. § 1651. Section 1651 "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000); Malley v. New York City Bd. of Educ., 112 F.3d 69 (2d Cir.1997); In re Martin-Trigona, 9 F.3d 226, 227-28 (2d Cir. 1993).

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
DORA L. IRIZARRY
United States District Judge

Dated: Brooklyn, New York
July 28, 2005

3